Judge Hxse
delivered the opinion of the Court.
Ambrose Ross, dec’d., made his will, dated Decern-ber 8th 1810, devising the plantation on which he lived to his wife during her life, and over to his son David Ross in fee simple, after the death of his mother. His land elsewhere he gave to his two sons Thomas and Robert Ross, to be equally divided between them upon their arriving at 21 years of age. On the 22d of March, 1811, the testator made a codicil in which he refers to his will and confirms it, and gives a trifling legacy to his daughter, Nancy Ross. After the date of this will and codicil, Ambrose Ross, the testator, acquired the title to a tract of land adjoining the plantation on which he lived containing about 97 acres by a deed of conveyance from James Thompson to him, dated the 16th day of May, 1814. A patent from the Commonwealth dated 25th April, 1822, issued in the name of the testator for about acres of land, adjoining the 97 acres, this grant issued after the death of the testator, whose will was proved and ordered to be recorded at the January term 1822, of the Garrard county Court. After testator’s death in 1822, his wife supposing that these two tracts of land composed a part of the plantation devised to her during her life, with the acquiescence of the heirs of Ambrose Ross, entertaining perhaps the like supposition, took possession thereof, and used and occnpied the same until she died in the(latter part of the year 1842, or beginning of the year 1843. It was in January, 1843, that her will was proved and recorded. After her death David Ross, to whom as before stated, the testator Ambrose Ross, by *438 his will, had given the plantation on which he lived after his wife’s death, came into possession of the tracts of land in contest, and claimed them'under the will. In February, 1846, Samuel Ross, Thomas Ross, and Robert Carpenter, and Mary his wife, formerly Ross, as heirs at law of Ambrose Ross, dec’d., institute their suit in Chancery in the Garrard Circuit Court against David Ross and the othei heirs of the testator, for a partition of the 97 acres and the 6^ acres of land, and insisting that David Ross should account for rents and profit. The Court below refused to decree a partition .of these tracts of land, or to require David Ross in his individual character, oras executor of his mother’s will, to account for the rents and profits thereof, and dismissed the complainant’s suit to that extent; and erroneously.
Lands acquired after the date of a will do not pass by the will, unless theie be terms used in the will cleaily expressing an in-lion to pass after acquired lands.
There is no expression contained in the will of Am-brose Ross which manifests an intention that lands to which he might afterwards acquire the title, should pass under it; he gives his plantation which he then at the date of his will lived on, to his wife for life, remainder in fee to his son David, his other lands, (which then belonged to him) he gave to his sons Thomas and Robert Ross.
He did not then own the 97 acres of land, or the Qu-aeres. The first was conveyed to him in 1814; the grant for the latter, issued after his death. It is well settled, that lands acquired by a testator, after he lias published his will, and which are not devised therein, cannot pass by it, unless words are used showing that it was the intention of the testator that such after acquired lands should pass to his devisees named therein, or some of them. No such words, indicating such intention, are contained in the will in question. Hence, as to the lands in contest, Ambrose Ross died intestate, and they descended to his heirs at law.
The defendant, David Ross, relies on lapse of time and the statute of limitations, claiming that his mother, in her lifetime, and he, since her death, have had more- *439 than twenty years adverse possession of the lands In dispute.
Can the possession of a widow, to whom a life estate in lands is given by the will of hoc husband,of lands adjacent, but not embraced in the will, be regarded as adverse to that of the heiia of testator?
Where the heirs of a widow, to whom a life estate in the plantation of the testator was given, was permitted during> her life to enjoy other and after acquired lands — Held, that their consent to such enjoyment should be presumed and no claim for rents to arise.
If it be conceded that the possession of the widow of testator was adverse to the claim of her husband’s heirs, so that she might, if living, have relied on its continuance for 20 years, as conferring upon her an absolute fee simple estate, and as a bar to the claim of her children, (which is not by any means admitted,) yet, upon her death, her rights acquired by such possession would descend and enure to all her heirs, including complainant’s, and not exclusively to David Ross.
But can the possession of the widow be regarded as adverse? The testator having died intestate as to the lands in contest, they descended to his heirs at law, subject to the life estate of the wife in one-third thereof, as for her dower. She then had a right to the possession and enjoyment of one-third of the land during her life; and having such right, will she be permitted to take possession, and then make that possession adverse to the claim of the heirs, and even adverse to her own rightful claim to dower in the land, when the claim of the heirs and her own are consistent with each other and derived from the same source? Let this be as it may, after her death, her possession-and right growing out of it, ceased, and the lands would descend to complainants and defendants, either as the heirs of Ambrose Ross, deceased, or as hers. The Court below, therefore, should have ordered an equal and just division of these two tracts of land between the heirs of Ambrose Ross, deceased.
The rents due from David Ross should be ascertained and decreed against him, to be divided between the heirs. Rents should not be allowed against the estate of Mrs. Ross, deceased, because she had a right to the enjoyment of a dower estate in the lands, and her use and occupation thereof whilst she lived was voluntarily - allowed and permitted by the heirs.
The proceedings had and decree rendered upon the amended bill of complainant, filed the 4th November, *440 1847, are irregular and manifestly erroneous, they seek to have a settlement with David Ross, of his accounts as executor of his mother’s will and distribution of her estate, when it appears from the will of testatrix that neither of the complainants have any interest in the general estate under the will, which was all given, with the exception of a few specific devises of slaves and inconsiderable pecuniary legacies to David Ross himself.
Thomas Ross, one of the complainants, has no interest whatever under the will, as it appears that he had received the slave devised to him. Carpenter’s wife has no interest under the will, except a slave, named Plarvey, was devised to her; and it is not alleged in the amended bill that she has not received him. At all events, the title to the slave passed to her and her husband immediately by the will, without the previous assent of the executor; and if their slave is held adversely, it is not shown that there is any obstruction to their legal remedy to recover that slave.
The other complainant, Samuel Ross, has only a pecuniary legacy of five dollars. He died pending the suit, and his heirs only join in a bill of revivor and concur in the amended bill filed, 4th November, 1847; whereas, his administrator was a necessary party in a suit for the recovery of the small pecuniary legacy left to him.
The other persons who have slaves devised and legacies given to them under the will, do not answer at all, and may be satisfied, for aught that appears. The complainants’ amended bill, filed 4th November, 1847, should have been dismissed without prejudice.
Wherefore, the decree of the Circuit Court is reversed, and the cause remanded, with directions to render a decree for an equal and just partition of the tracts of land of 97 acres and amongst the heirs at law of Ambrose Ross, deceased, to ascertain the rents due from David Ross, and directing their payment and distribution between the heirs, and for further proceedings in *441 ■conformity with this opinion. The plaintiff in error is entitled to costs in this Court.
Dunlap for plaintiff; Turner for defendant.